

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-13-2008

# Kwee v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Kwee v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1448.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1448

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-3937
No. 06-4936
_____

LIONG HAY KWEE,
                              *Petitioner*

v.

ATTORNEY GENERAL USA,
                              *Respondent*
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A79-735-056)
Immigration Judge:  Charles M. Honeyman
_____

Submitted Under Third Circuit LAR 34.1(a)
March 6, 2008

Before: BARRY, JORDAN and HARDIMAN, *Circuit Judges.*

(Filed:  March 13, 2008)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

In these consolidated appeals, Liong Hay Kwee petitions for review of: (1) a Board of Immigration Appeals (BIA) order denying his application for withholding of removal; and (2) a BIA order denying his motion to reconsider.

I.

Kwee is a citizen of Indonesia and an ethnic Chinese Catholic. He entered the United States as a nonimmigrant visitor and remained here after his visa expired. After he was served with a Notice to Appear, Kwee admitted removability and requested relief in the form of asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Following a hearing, Immigration Judge (IJ) Charles M. Honeyman denied Kwee's requests for relief, finding his asylum claim time-barred and that Kwee had failed to demonstrate either past persecution or a well-founded fear of future persecution on account of his Chinese ethnicity or his Catholic faith. The IJ also found that Kwee failed to establish eligibility for withholding of removal or protection under the CAT.

On appeal, the BIA adopted and affirmed the findings of the IJ in a *per curiam* opinion. Kwee then filed a motion to reconsider in which he submitted the Department of State's recently-released 2005 country condition reports for Indonesia. The BIA denied the motion and Kwee timely appealed the BIA's denial of his application for withholding of removal and its denial of his motion for reconsideration.

2

Where, as here, the BIA adopts and affirms the findings of the IJ with additional comment, we review the decisions of both the IJ and the BIA. *He Chun Chen v. Ashcroft*, 376 F.3d 215, 222 (3d Cir. 2004). We must uphold findings of fact "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We review the BIA's denial of a motion to reconsider under an abuse of discretion standard, under which the denial is reversed only if arbitrary, irrational, or contrary to law. *INS v. Abudu*, 485 U.S. 94, 110 (1988).

III.

We first consider Kwee's withholding of removal claim, which requires an applicant to demonstrate a "clear probability" that, upon removal, his life or freedom would be threatened on account of his race, religion, nationality, political opinion, or membership in a particular social group. *INS v. Stevic*, 467 U.S. 407, 429-30 (1984). Kwee argues that he faces a clear probability of future persecution because there exists a "pattern or practice of persecution" of similarly situated individuals in Indonesia. 8 C.F.R. § 1208.16(b)(2)(i). In support of this claim, Kwee submitted the Department of State's 2003 and 2004 country condition reports for Indonesia.

In denying Kwee's "pattern or practice" claim, the IJ initially noted that we rejected an analogous claim based upon the Department of State's 1999 country condition reports for Indonesia in *Lie v. Ashcroft*, 396 F.3d 530 (3d Cir. 2005). The IJ then found

that there was nothing in the more recent reports submitted by Kwee that would change that conclusion. Indeed, we note that the 2003 and 2004 reports suggest that the treatment of Chinese Christians in Indonesia has improved since 1999.[1]

Although Kwee also argues that anti-Chinese and anti-Christian violence in Indonesia is cyclical in nature — suggesting that "violence and large-scale riots have occurred every decade since the 1940's" and that "it is more likely than not that another explosion will occur soon" — such speculative arguments cannot form the basis of a viable pattern or practice claim.

As substantial evidence supports the IJ's finding that Kwee did not establish a "pattern or practice of persecution," we conclude that the IJ did not err in denying Kwee's application for withholding of removal.

### III.

After the BIA affirmed the IJ's denial of his requests for relief, Kwee filed a motion for reconsideration upon release of the 2005 country condition reports. But Kwee states in his motion that the 2005 reports "provide an almost identical assessment as the 2004 reports." Because the 2005 reports shed no new light on Kwee's pattern or practice claim, the BIA did not abuse its discretion in denying Kwee's motion to reconsider.

---

[1] For example, the 2004 report notes that "[i]nstances of discrimination and harassment of ethnic Chinese Indonesians declined compared with previous years." Moreover, the 2002 report indicates that attacks on churches "were much less frequent than in previous years" and that in areas of historical tension between Muslims and Christians "[t]he number of serious abuses . . . declined sharply from the previous year."

4

For the foregoing reasons, we will deny Kwee's petition for review.